UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                                                         :
GYSPY CARDONA                            :           3:20 CV 558 (RMS)
                                                                                       :
V.                                                                    :
                                                                     :
COMMISSIONER OF                :
SOCIAL SECURITY                   :           DATE: JANUARY 28, 2021
                                                                     :
------------------------------------------------------- x

RULING

I.     BACKGROUND

On April 27, 2020, the plaintiff, proceeding as a self-represented party, commenced this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision by the Commissioner of Social Security ("SSA") denying the plaintiff Disability Insurance Benefits and Supplemental Security Income benefits. (Doc. No. 1).  On November 23, 2020, the plaintiff filed a motion to appoint *pro bono* counsel pursuant to 28 U.S.C. § 1915.  (Doc. No. 21; *see also* Doc. No. 22).

On December 2, 2020, this Court issued a ruling denying the plaintiff's motion noting that "thus far, [the plaintiff has] demonstrated an ability to present her case on her own behalf." (Doc. No. 23 at 3-4).[1]  Moreover, the Court found that the plaintiff had "not demonstrated a diligent effort to obtain private counsel on her own[]" as her only documented effort to obtain counsel consisted of "contact[ing] 'Legal Aid' in '6/20[.]'" (*Id.*).  Accordingly, the Court denied the plaintiff's motion and, in doing so, *sua sponte* extended the plaintiff's briefing deadline to January 30, 2021 to "afford the plaintiff time to seek counsel and comply with the scheduling order." (*Id.*).

---

[1] While the Court references portions of the Ruling herein, familiarity with the Ruling in its entirety is presumed. (Doc. No. 23).

1

On January 22, 2021, the plaintiff filed the first of two pending motions both captioned as a "Motion Requesting Commissioner[] Saul[']s Decision Be Reversed For Social Security & Disability[.]" (Doc. No. 25).  The second was filed on January 26, 2021.  (Doc. No. 26).

In the body of the first motion, the plaintiff requests "a free attorney being that it is relevant, I don't know how to respond properly, or the [Court] didn't understand my motion to move forward with my request to be approved for Social Security benefits."  (Doc. No. 25 at 1).  The plaintiff states that she contacted attorneys and was denied "[a]ttorney services."  (*Id.*).  The plaintiff lists the names and contact numbers for seven attorneys, Statewide Legal Services, and the Connecticut Bar Association.  (*Id.*).

The second motion, bearing the same caption, consists of a cover page and two attachments: a copy of case law, and a copy of Social Security Ruling 82-83: Program for Ongoing Review of Hearing Decisions Pursuant to Section 304(g) of Public Law (P.L.) 96-265 Appeals Council's Review Authority.  (Doc. No. 26).

For the reasons stated below, the Court construes the first motion (Doc. No. 25) as a renewed motion to appoint counsel and for the reasons set forth below, that motion is GRANTED. The second motion (Doc. No. 26) is denied without prejudice to renew in light of the pending appointment of counsel to file a substantive Motion to Reverse or Remand.

II.     RENEWED MOTION TO APPOINT COUNSEL (DOC. NO. 25)

In its underlying Ruling on the plaintiff's Motion to Appoint Counsel, the Court explained that,

> '[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case[,]' *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted), and 'Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405.' *Kirkpatrick v. Astrue*, No. 08-0407, 2008 WL 879407, at *1 (W.D. La. Mar. 31, 2008).

(Doc. No. 23 at 1-2). The Court continued, for counsel to be appointed, the self-represented litigant "must demonstrate first that she cannot afford counsel, and then must demonstrate the likely merit of her claims[.]" (Doc. No. 23 at 1-2 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203-04 (2d Cir. 2003); *Hendricks v.* Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)).

In light of the plaintiff's *in forma pauperis* status (*see* Doc. No. 10), the Court concluded that she established that she cannot afford counsel. (Doc. No. 23 at 2). Turning then to the merits of the plaintiff's claim, the Court explained that,

> even in a case in which a litigant's position seems likely of substance, the appointment of counsel is made only in 'exceptional circumstances.' *Kirkpatrick,* 2008 WL 879407, at *1. When considering whether such circumstances exist, courts often consider: (1) 'the type and complexity of the case;' (2) the litigant's 'ability to adequately present and investigate her case;' (3) the presence of conflicting testimony that requires skill in the presentation of evidence and cross examination; and (4) the likelihood that the appointment will benefit the litigant, defendant and the court. *Id.* (citations omitted).

(*Id.* at 3). At that time, the Court concluded, "thus far, [the plaintiff has] demonstrated an ability to present her case on her own behalf." (Doc. No. 23 at 3-4). Furthermore, the Court held that, if the plaintiff was unable to "secure counsel, the plaintiff will be able to file a brief which sets forth her belief as to why the Administrative Law Judge [("ALJ")] erred in his decision that the plaintiff was not entitled to social security benefits." (*Id.* at 4). The landscape of this case, however, has since changed.

While the plaintiff has demonstrated that she timely filed this action, satisfied the jurisdictional prerequisites to proceed with her claim, and complied with the Court's orders and most of the deadlines set in this case, it is now clear to the Court that the plaintiff is not able to set forth her argument as to why the ALJ erred in his decision. The Court appreciates that the content of the plaintiff's latest filings (*see* Doc. Nos. 25-26) do not reflect an "ability to adequately present and investigate her case[.]" *Kirkpatrick*, 2008 WL 879407, at *1.

Specifically, in an apparent effort to meet the briefing deadline set by the Court, the plaintiff filed these two documents captioned as motions to reverse the decision of the Commissioner. (Doc. Nos. 25-26 (bearing the caption: "Motion Requesting Commissioner[] Saul[']s Decision Be Reversed For Social Security & Disability")). As discussed above, the first motion documents the plaintiff's efforts to obtain counsel on her own and "request[s] . . . a free attorney [because she does not] know how to respond properly[.]" (Doc. No. 25). The second motion consists of a cover page and two attachments: a copy of case law and a copy of Social Security Ruling 82-13 which relates to review of hearing decisions on the administrative level. (Doc. No. 26). Neither of these motions reference any evidence or argument to support the filing of this action, nor does either motion set forth any reasons why the decision of the ALJ is not supported by substantial evidence. The plaintiff is not able to present her case in an adequate or coherent manner.

Additionally, the Court is mindful of the plaintiff's alleged disabilities. The plaintiff alleges that she is unable to work not just due to multiple physical disorders, but significant mental limitations resulting from post-traumatic stress disorder. (*See* Doc. No. 19 at 29-31; *see also* Doc. No. 22). Under the circumstances of this case, there is a strong likelihood that the appointment of counsel "will benefit the litigant, defendant and the court." *See Kirkpatrick*, 2008 WL 879407, at *1.

For these reasons, the Court construes the plaintiff's first "Motion Requesting Commissioner[] Saul[']s Decision Be Reversed For Social Security & Disability" (Doc. No. 25) as a Renewed Motion to Appoint Counsel. Accordingly, the Renewed Motion to Appoint Counsel (Doc. No. 25) is GRANTED for the purpose of preparing the plaintiff's Motion to Reverse or Remand the Decision of the Commissioner only. The Clerk is directed to appoint *pro bono* counsel

for the plaintiff in a timely fashion. In order to accommodate the anticipated appointment of counsel, the Court hereby extends the deadline by which to file the plaintiff's Motion to Reverse or Remand the Decision of the Commissioner to **March 31, 2021. The defendant's dispositive motion deadline is extended to May 31, 2021.**

The plaintiff's second "Motion Requesting Commissioner[] Saul[']s Decision Be Reversed For Social Security & Disability" (Doc. No. 26) is denied without prejudice to renew in light of the pending appointment of counsel to file a substantive Motion to Reverse or Remand.

III.     CONCLUSION

For the reasons set forth above, the plaintiff's Motion construed as a Renewed Motion to Appoint Counsel (Doc. No. 25) is GRANTED and the plaintiff's Motion (Doc. No. 26) is taken under advisement pending the appointment of counsel and the filing of a substantive Motion to Reverse or Remand.

Dated this 28th day of January, 2021 at New Haven, Connecticut.

/s/Robert M. Spector, USMJ  
Robert M. Spector  
United States Magistrate Judge